THE PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RY. CO. *v.* BACON, ADMR.

(Decided August 1, 1928.)

*Mr. Baird Broomhall* and *Mr. John V. Dye,* for plaintiff in error.

*Mr. F. G. Shuey* and *Mr. Hugh R. Gilmore,* for defendant in error.

ALLREAD, J. This action was brought by John Bacon, administrator of the estate of Perlee Overholtz, to recover damages for wrongful death. It appears that Harve Gurtin was the driver of a school bus and was on his way to Camden, Ohio, where his school was located; that on the road he

met Perlee Overholtz and his son, Darrell, and asked them to ride. They accepted his invitation, entered the school bus, and sat on the north side of the bus, with their faces toward the south. Gurtin, the driver, sat on the front or driver's seat, with his face to the front of the car, and drove at the rate of from 15 to 20 miles per hour. Gurtin drove across the bridge toward the railroad crossing, which crossed the highway substantially at right angles.

A train was approaching from the north, substantially one hour behind its scheduled time. There was evidence pro and con as to whether the train gave the signals, and as to whether the engine of the train whistled. The bus passed onto the track, was demolished, and Gurtin, the driver, and Perlee Overholtz were instantly killed, and Darrell Overholtz was severely injured. Judgment was rendered by the common pleas court in favor of plaintiff.

The bus is accurately described in the record. There were small windows in the upper part of the bus, through which plaintiff's decedent could have looked and seen the train. He did not, however, do so, but trusted to the care and skill of the driver.

There is but one question presented, and that is whether as a matter of law, the guests in the car are to be held to look and listen when approaching a known railroad track; and, if they do not do so, are they to be charged with contributory negligence? We have had several cases relative to the care to be exercised by a guest who sits upon the same seat with the driver and has equal means with

the driver of noticing the approaching train, and we have held that such guest is not bound, as a matter of law, to look and listen for an approaching train, but may rely upon the skill and care of the driver, at least until something appears to show that the driver is not performing his duty. We have also had a number of cases where guests were in the back seat of an automobile looking forward, capable of seeing almost as much as the driver. In all these cases we have held that the guest is not bound, as a matter of law, to look and listen for an approaching train, but is only bound to use due care under the circumstances in looking and listening, and in advising the driver where the driver is not looking and listening or is not exercising due care. We think the present case involves a less convincing case of contributory negligence than do cases where the guest occupies the front seat, or where he occupies the back seat and is looking forward, where it has been held that such guests are not chargeable with negligence in failing to look and listen, in the absence of some facts tending to prove that the driver was not performing his duty in that respect.

It appears from the record that, as the driver approached the railway crossing, he was coasting down a slight grade and was not traveling over 15 miles per hour. We think there was nothing in the case that would justify the enforcing of a rule requiring the passengers or guests in the bus to look and listen for an approaching train. It is urged on behalf of the plaintiff in error that, while the rule as indicated herein has been recognized, yet in view of the use of automobiles, and in view of the great number of

injuries received at railroad crossings, a different rule should prevail. This, however, is a matter for the Supreme Court, and not for this court, to establish.

We therefore hold that the judgment and rulings of the trial court are correct, that there is no prejudicial error therein, and that the judgment herein must be affirmed.

*Judgment affirmed.*

FERNEDING and KUNKLE, JJ., concur.